IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN WILLMS, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0374-B |
| | § | |
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants State of Texas ("the State"), City of Dallas ("the City"), Americas Tire Co., Inc. ("ATC"), and Jimmy Wilson d/b/a Americas Automotive ("Wilson") have filed separate Rule 12(b)(6) motions to dismiss this *pro se* civil action. For the reasons stated herein, the motions should be granted.

I.

This lawsuit is the latest effort by Plaintiff Melvin Willms and his wife, Petra, to obtain compensation for allegedly improper repair work done on their car more than 14 years ago. The tortured procedural history of the prior legal proceedings was summarized by the state court of appeals in *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796 (Tex. App.--Dallas 2006, pet. denied). In 1996, plaintiffs sued Fred Wilson, now deceased, and his company, Americas Automotive, in Dallas County justice court alleging damage to their car as a result of poor workmanship. After a bench trial, the court entered a take nothing judgment against plaintiffs. A second trial was held after the presiding judge recused himself. The result was the same--a take nothing judgment against plaintiffs.

Two more lawsuits followed. The first case, filed by plaintiffs in justice court, was dismissed on December 8, 2000. Eighteen months later, on June 26, 2002, plaintiffs sued Fred Wilson and his company again in state district court. After determining that plaintiffs were vexatious litigants and requiring them to post a $2,500 bond in order to prosecute their claims, the court granted summary judgment in favor of Wilson. Plaintiffs filed a motion for new trial asking the court to set aside the summary judgment. While that motion was pending, plaintiffs amended their petition to add Jimmy Wilson, another owner of Americas Automotive, and the State of Texas as parties. In their amended petition, plaintiffs made a number of spurious allegations, including that "the State was liable for the actions of elected state judges and that various judges 'stole' from them when they imposed sanctions against them in previous litigation[.]" *Willms*, 190 S.W.3d at 800. Over the course of the next 19 months, plaintiffs filed six supplemental petitions in the state court litigation. In 2005, the trial court granted the State's plea to the jurisdiction, denied plaintiffs' motion for new trial, and ordered plaintiffs to pay attorney's fees. That judgment, including the order adjudicating plaintiffs as vexatious litigants, was affirmed on direct appeal.[1]

Undeterred, plaintiffs now sue the State of Texas, ATC, and Jimmy Wilson d/b/a Americas Automotive for violations of the federal and Texas constitutions, malice, theft, gross negligence, aggravated perjury, and fraudulent inducement. Plaintiffs also sue the City of Dallas for discrimination, negligence, and hindering prosecution. As best the court can decipher their complaints,[2] plaintiffs appear to allege that: (1) they were denied their constitutional right to a jury

---

[1] According to ATC and Wilson, plaintiffs unsuccessfully sought a bill of review after the most recent state court judgment was affirmed on direct appeal. (*See* ATC Mot. at 4, ¶ 6; Wilson Mot. at 4, ¶ 6).

[2] Plaintiffs filed two complaints in this case. Their original complaint was filed on February 24, 2010. An amended complaint, which purports to "amend and supplement the Original Complaint[,]" (*see* Plf. Am. Compl. at 2, ¶ 6), was filed on April 19, 2010. In the interest of justice, the court will consider both complaints in ruling on the motions to dismiss.

trial in the state court lawsuits; (2) efforts by the State, ATC, and Wilson to collect attorney's fees and sanctions amount to theft, attempted theft, and misappropriation of funds; (3) pleadings filed by the state court defendants and rulings made by state court judges constitute "aggravated perjury;" and (4) the City discriminated against them and hindered prosecution by failing to act on their complaints of wrongdoing in connection with the state court litigation. The case is before the court on Rule 12(b)(6) motions filed by each defendant. The issues have been briefed by the parties, and the motions are ripe for determination.

II.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id., quoting* FED. R. CIV. P. 8(a)(2).

A.

The State of Texas moves for dismissal on the ground of Eleventh Amendment immunity. It is well settled that the State is immune from suit for money damages under the Eleventh Amendment to the United States Constitution.[3] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10, 105 L.Ed.2d 45 (1989). Consequently, plaintiffs' claims against the State should be dismissed.

B.

Nor have plaintiffs stated a plausible claim against the City of Dallas. In order to state a claim for relief against this defendant, plaintiffs must allege facts which, if proved, show that the action of a city official violated their constitutional rights and resulted from an official policy or practice. *See Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents [official] policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

In their original complaint, plaintiffs accuse the City of discrimination, negligence, and hindering prosecution because a Dallas police sergeant would not investigate their allegations of wrongdoing against the judges and parties involved in the state court litigation. (*See* Plf. Orig. Compl. at 19-20, ¶¶ 124-31). However, "a private citizen lacks a judicially cognizable interest in

---

[3] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amd. XI.

the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973). Indeed, an inadequate or invalid investigation is insufficient to state a civil rights claim unless another recognized constitutional right is involved. *See Calton v. City of Garland*, No. 3-02-CV-2215-N, 2003 WL 21685596 at *4 (N.D. Tex. Jul. 18, 2003) (citing cases). Not only have plaintiffs failed to state a cognizable constitutional claim, but they have not alleged any persistent or widespread practice of the City which led to a constitutional violation. The refusal of a police officer to institute a criminal investigation does not establish *Monell* liability.

C.

The remaining defendants, ATC and Wilson, argue that "the instant cause of action is merely an attempt to relitigate, multiple times, the same causes of action upon which the state courts have already ruled." (ATC Mot. at 5; Wilson Mot. at 5). This argument implicates the *Rooker-Feldman* doctrine, which prohibits federal courts from reviewing, modifying, or nullifying final orders of state courts. *See Mosley v. Bowie County*, 275 Fed.Appx. 327, 329, 2008 WL 1805514 at *2 (5th Cir. Apr. 22, 2008). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, *quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005). This jurisdictional bar is not limited to those actions which explicitly seek review of a state court decision. As the Fifth Circuit noted:

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision[.]"

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994), *citing Liedtke v. State Bar of Texas*, 18 F.3d 315, 317-18 (5th Cir.), *cert. denied*, 115 S.Ct. 271 (1994). A claim is "inextricably intertwined" with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment. *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989), *quoting Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring).

All of the claims asserted by plaintiffs, including their request for "$3,900.00 that was unlawfully appropriated to [sic] Americas," (*see* Plf. Orig. Compl. at 21), relate to the conduct and outcome of the state court litigation. Such claims are clearly a collateral attack on the validity of the state court judgment. Because plaintiffs' federal civil rights claims are "inextricably intertwined" with the disposition of the state court action, federal jurisdiction is not proper.

### III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *1 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include monetary penalties and restrictions on the ability to file future lawsuits without leave of court. *See generally*, *McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system).

As previously discussed, this lawsuit is the culmination of a 14-year battle waged by plaintiffs to obtain compensation for allegedly improper repair work done to their car. Four different state courts have rejected their claims. Plaintiffs have been adjudicated vexatious litigants and ordered to pay sanctions and attorney's fees. The time has come to end this campaign of harassment. Accordingly, plaintiffs should be warned that sanctions may be imposed if they file any other lawsuits against the State of Texas, the City of Dallas, ATC, or Jimmy Wilson seeking compensation for repairs made to their car or challenging the conduct of any litigation related thereto. In addition to monetary penalties, such sanctions may include an order barring plaintiffs from filing any civil actions in federal court without obtaining prior authorization from a district judge or magistrate judge. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

## RECOMMENDATION

The Rule 12(b)(6) motions to dismiss filed by the State of Texas [Doc. #25], the City of Dallas [Doc. #24], America's Tire Co., Inc. [Doc. #27], and Jimmy Wilson d/b/a Americas Automotive [Doc. #28] should be granted. All claims against these defendants should be dismissed with prejudice. In addition, plaintiffs should be warned that sanctions may be imposed if they file any other lawsuits against defendants seeking compensation for repairs made to their car or challenging the conduct of any litigation related thereto.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE